[Department One. — March 2, 1883.]

## CARLO CAVAGNARO, Respondent, *v.* JEAN DON ET AL., Appellants.

TRUST — PURCHASE BY TRUSTEE — SUBSEQUENT PURCHASER WITH NOTICE. — A trustee cannot acquire an adverse right to the trust property for his own benefit, and a purchaser from him with notice of the trust stands in the same position.

APPEAL from a judgment of the Superior Court of the city

and county of San Francisco, and from an order refusing a new trial.

Action to quiet title.   The facts are stated in the opinion of the court.

*Stetson & Houghton*, for Appellants, cited *Reed* v. *Warner*, 5 Paige, 656; *Ringo* v. *Binns*, 10 Peters, 269; *Hardenbergh*, v. *Bacon*, 33 Cal. 376; *Schedda* v. *Sawyer*, 4 McLean, 185; *Massie* v. *Watts*, 6 Cranch, 148; Civ. Code, §§ 2228–2230; Perry on Trusts, §§ 790–796; *Gardner* v. *Gardner*, 3 Mason, 218; *Andrews* v. *Sparhawk*, 13 Pick. 401; Civ. Code, § 2244.

*A. N. Drown*, for Respondent.

Ross, J. — Adele Lefevre died seized and possessed of the property in question on the 15th of December, 1866.   She left a will which was duly admitted to probate in the Probate Court of the city and county of San Francisco, by which she devised the property to one Silvey.   The year before Lefevre's death one Halphen recovered in one of the courts of the city and county of San Francisco a money judgment against Silvey.   On the 27th of February, 1867, an execution was issued on that judgment, and by the sheriff levied on all the right, title, and interest of Silvey in the property; and on April 20th, thereafter, his interest therein was sold by the sheriff under the writ to one Torrens.   On October 19, 1867, one Le Roy recovered in the Fourth District Court of the State a money judgment against Silvey.   By virtue of his judgment Le Roy redeemed the interest of Silvey sold under the Halphen execution, and there being no further redemption he received on the 31st of December, 1867, a deed from the sheriff conveying to him all of Silvey's interest in the property.   Meanwhile other money judgments were rendered in the State courts against Silvey — one in favor of Madam Granier, and one in favor of the defendant Don; and after the sheriff's deed to Le Roy a third money judgment against Silvey was recovered by the defendant Martin.

So matters stood thus: All of Silvey's interest in the property as devisee of Lefevre, whatever that interest was, had become vested in Le Roy, while there remained money judg-

ments against Silvey in favor of Madam Granier, Don, and
Martin, in the order in which they are here named. In this
condition of affairs Madam Granier, Don, and Martin, in order
to secure, if they could, payment of their respective judgments,
determined to purchase of Le Roy the interest in the property
he had acquired through his judgment against Silvey, and the
subsequent redemption and sheriff's deed, as well as to purchase
the judgment itself. The fund necessary to make the purchase
was made up by Madam Granier, Don, and Martin, in the
proportions following: Madam Granier contributing $227.17;
Don, $226.17; and Martin, $452.35; and with this common
fund Le Roy's interest in the property and in the judgment he
had recovered against Silvey, were purchased—the conveyance
of the property, and the assignment of the judgment being
taken, for convenience, in the name of Madam Granier. After
this was done the three executed and placed upon the records of
the county where the property is situated, the following
agreement:—

"ZOE GRANIER, T. B. MARTIN,⎫
            AND                      ⎬ Agreement.
        JEAN DON.               ⎭

"Whereas, Madam Zoe Granier, T. B. Martin, and J. Don,
have each recovered a judgment against Adolph Silvey; and
whereas for the purpose of securing the payment of said judg-
ments the said parties have jointly purchased of Theodore
Le Roy a judgment recovered by said Le Roy against said
Silvey, which judgment is recorded in judgment book "G" of
the judgment records of the Fourth District Court, in and for
the city and county of San Francisco, and a certain lot of land
in San Francisco, with the tenements thereupon, conveyed to
said Le Roy by the sheriff of said city and county by deed dated
December ——, 1867, recorded January ——, 1868, in liber of
deeds, page ——, to which reference is made for a more partic-
ular description; and whereas the said parties have contributed
to said purchases in the following amounts; viz., Madam Zoe
Granier, $227.17; T. B. Martin, four hundred and fifty-two dol-
lars and thirty-five cents ($452.35); J. Don, two hundred and
twenty-six dollars and seventeen cents ($226.17), gold coin of
the United States.

"Whereas, for the purpose of greater convenience, the assignment of said judgment, and the conveyance of said property has been made to Madam Zoe Granier, one of the parties hereto.

"Now, therefore, we, the parties hereto, in consideration of the premises and of the sum of one dollar, heretofore paid by each of said parties to the others, the receipt whereof is hereby acknowledged, hereby agree as follows, viz. : —

"That the said judgment and property conveyed as aforesaid to Madam Zoe Granier is and shall be by her held in trust for the use and benefit of each and all the parties hereto in manner following : —

"That any and all the proceeds that shall be derived from the said judgment and property shall be applied as follows, and not otherwise : —

"1st. To the payment of each of the parties hereto of the amount advanced by them respectively for the purchase of said interest as aforesaid, and in gold coin; 2d, to the payment to Madam Zoe Granier, trustee herein, of the amount of the judgment and costs now held by her against said Silvey, in gold coin; 3d, to the payment to J. Don and T. B. Martin of the amounts of their respective judgments and costs held as aforesaid against said Silvey; said payments to be *pro rata* in proportion to the amounts of their respective judgments, and in gold coin; 4th, if any balance remains after the settlement of the foregoing demands, it shall be distributed equally among the parties hereto; each party shall pay his proportion of the expenses necessarily incurred by said Zoe Granier in prosecuting said interest so conveyed to her for the purpose of obtaining the money due each on their said judgments.

"San Francisco, January 11, 1868.

                       "ZOE GRANIER.   [SEAL.]
                       "T. B. MARTIN.   [SEAL.]
                       "JEAN DON.      [SEAL.]

"Witness, J. GRANIER, Ch."

There can be no doubt that whatever interests passed to Madam Granier by the conveyance and assignment from Le Roy were received, and thereafter held by her in trust for her own benefit, and that of Don and Martin, in the proportions stated in the agreement. Among those interests was all the right, title,

and interest of Silvey in the property in question. Silvey, as has been seen, was sole devisee under the will. On the death of the testatrix her title to the property vested in him, subject, however, to be divested by a sale of the property for the payment of the debts, etc., in the course of the administration of the estate. It so happened that there were debts proved against the estate of Adele Lefevre; and for the purpose of paying those debts, together with costs of administration, the Probate Court in which the estate was pending entered an order on the 14th of April, 1869, authorizing and directing the administrator of the estate to sell this property. At the probate sale Madam Granier became the successful bidder. The sale after two advance bids was finally confirmed for the sum of ten thousand five hundred dollars to her, by the Probate Court, and on the 7th of September, 1862, there were executed to her by the administrator a deed to the property. Afterwards, to wit, on the 14th day of July, 1871, Madam Granier conveyed by deed, in consideration of the sum of twelve thousand five hundred dollars to the plaintiff in the present action, who had notice of the trust agreement, all of her interest in the property; and plaintiff has since been in possession, receiving the rental thereof. The decree of the court below is to the effect that the plaintiff is the absolute owner of the property as against Don and Martin, who set up their rights under the trust agreement.

The decree cannot be sustained. The plaintiff, having notice of the relation existing between Don and Martin, and Madam Granier has no greater rights than the latter would have. "It is a universal rule that if a man purchases property of a trustee with notice of the trust, he shall be charged with the same trust in respect to the property as the trustee from whom he purchased. And even if he pays a valuable consideration, with notice of the equitable rights of a third person, he shall hold the property subject to the equitable interests of such person." (Perry on Trusts, § 217.)

Madam Granier as the grantee (through Le Roy) of Silvey's interest held the testatrix's title to the property, subject, however, to the same being divested through a sale of the property duly made in the course of the administration of the estate. But the title Madam Granier thus held, she held in trust for

herself, and Don and Martin, in the proportions they had contributed to the fund with which that title was acquired. Occupying that trust relation she could not, upon the most obvious principles of equity, purchase at the administrator's sale the interest of the deceased Lefevre, to the exclusion of her *cestuis que trust*. The interest thus acquired by her must be held to have enured to their benefit, to the extent of their interest under the original agreement of trust, upon the payment of their proportionate share of the amount necessarily paid by the trustee in acquiring the interest of the deceased. Such would have been the equitable rights of Madam Granier, Don, and Martin, and such are the equitable rights of the plaintiff, Don, and the estate of Martin — Martin being now deceased.

Judgment and order reversed, and cause remanded for a new trial, with leave to the respective parties to amend their pleadings in such particulars as they may be advised.

McKee, J., and McKinstry, J., concurred.

Hearing in Bank denied.