DETERMINED IN

# THE SUPREME COURT

OF THE·

## STATE OF UTAH.

19  1
23  581

## JOSEPH H. HASLAM, Appellant, v. JAMES N. HASLAM, Respondent.

Answer Denying Any Fact Alleged Raises Issue — General Demurrer Will Not Lie. Cross Complaint — Part of Answer. Vendor's Lien—Vendor Trustee for Purchaser. Purchaser of Trust Property with Notice — Charged with Trust. Transfer by Vendor Holding Lien — Lien Not Transferred. Decree Less Beneficial Than Party Entitled to — Not Disturbed unless Party Complains.

1. *Answer Denying Any Fact Alleged Raises Issue — General Demurrer Will Not Lie.*

    An answer denying any of the allegations of plaintiff's complaint raises an issue between the parties and a demurrer to the answer on the ground that it is insufficient to constitute a defense, was properly overruled.

2. *Cross-complaint — Part of Answer.*

    Matter alleged by way of cross-complaint is a part of the answer.

3. *Vendor's Lien — Vendor Trustee for Purchaser.*

    A vendor of real estate who has not executed a deed has a lien

upon the vendee's equitable estate as security for payment of the purchase money according to the terms of the agreement and holds the legal title in trust for the purchaser.

4. *Purchaser of Trust Property with Notice — Charged with Trust.*
   Where a person purchases property from a trustee, with notice of the trust, he is charged with the same trust in respect to the property as the trustee from whom he purchased.

5. *Transfer by Vendor Holding Lien — Lien Not Transferred.*
   A conveyance, to a third party, of the legal title to real estate, by a vendor having a lien on the same, to secure the purchase money, does not convey the lien, and the party to whom such conveyance is made acquires no rights thereto, either at law or in equity, unless the indebtedness for the purchase money be assigned to him.

6. *Decree Less Beneficial Than Party Entitled to — Not Disturbed unless Party Complains.*
   A decree less beneficial to a party than one he is entitled to under the findings of fact will not be disturbed, where that party has taken no appeal, and has expressed no dissatisfaction with the decree.

(Decided March 1, 1899.)

Appeal from the Third Judicial District Court, Salt Lake county, Hon. Ogden Hiles, *Judge.*

Action to quiet title and for damages for certain trespasses alleged.

From a judgment for defendant plaintiff appeals. *Affirmed.*

*N. J. Sheckell, Esq.,* and *E. A. Wilson, Esq.,* for appellant.  *T. D. Lewis, Esq.,* for respondent.

BASKIN, J.

This is an action to quiet title and recover damages for certain alleged trespasses. The material allegations of

the complaint, are as follows, to wit : That the plaintiff is the owner and in possession of the following real estate: Beginning at a point five rods north of the southeast corner of lot 7, block 74, plat "C," Salt Lake City survey, thence west twenty rods, thence north two and one-half rods, thence east eleven rods, thence north five feet, thence east nine rods, thence south forty-six and one-fourth feet to place of beginning ; that plaintiff became such owner by warranty deed from Margaret Howarth Haslam, dated May 22, 1896 ; that the defendant on April, 1897, committed certain trespasses thereon (which are fully set out in the complaint) to the damage of plaintiff ; that the defendant claims an interest or title in said real property adverse to plaintiff. The prayer of the complaint is that the defendant be required to state fully and particularly what interest he claims in said premises, when, from whom, and how acquired, and that judgment for $100 damages be awarded. There is also a prayer for an injunction and general relief.

The answer of the defendant, after denying the trespasses and damage charged in the complaint, by way of cross-complaint in accordance with the prayer of the complaint, sets forth with particularity the adverse interest which he claims to have in said premises, as follows : "By way of cross-complaint, defendant alleges that on the 1st of July, 1891, Margaret Howarth Haslam, the mother of plaintiff and defendant, was seized and possessed of the following described property, which is included within the boundaries of the premises described in plaintiff's complaint, to-wit : Commencing seven and one-half rods north of the southeast corner of lot 7, block 74, plat "C," Salt Lake City survey, thence north five feet, thence west nine rods, thence south five feet, thence east nine rods to place of beginning ; that on or

about the 1st of July, 1891, the defendant entered into a contract with the said Margaret Howarth Haslam, whereby she agreed to sell the land above described to defendant, and to execute a good and sufficient warranty deed for the same, and the defendant agreed to pay her the sum of two hundred (200) dollars for said land and other land immediately adjoining the same on the north, payment to be made at such a time as she might demand. That under and by virtue of such agreement, and with the consent of the said Margaret Howarth Haslam, the defendant entered into the possession of said land, and made valuable improvements thereon, and on the land immediately adjoining the same on the north, aggregating in value the sum of one thousand (1,000) dollars, and ever since the 1st day of July, 1891, the defendant has been and now is in the actual possession of said land with the improvements, and that the above described land is necessary and useful in the enjoyment of the land of the defendant immediately adjoining said land on the north, and great injury and injustice will be done this defendant if he is not given title to the same. That ever since the 1st day of July, 1891, defendant has been ready and willing to pay the said Margaret Howarth Haslam the price agreed to be paid for said land, and on or about the 30th of March, 1897, he paid the said sum of two hundred (200) dollars in full payment of said land; and thereupon she executed and delivered to the plaintiff a warranty deed purporting to convey the land particularly described in paragraph 1, of the cross-complaint, together with the land on the west and north of said land which was included within the land to be sold to defendant in their contract on the 1st of July, 1891, as above set forth ; and that at the time of the execution and delivery by said Margaret Howarth Haslam of the deed described

in the first paragraph of plaintiff's complaint, to wit, on the 22d day of May, 1896, purporting to convey to said plaintiff the premises described in this cross-complaint, and ever since the 1st of July, 1891, the plaintiff well knew that the defendant was in possession of said premises herein particularly described, and had actual notice of the agreement above set forth, whereby Margaret Howarth Haslam had agreed to sell in fee to the defendant the property in the cross-complaint described. That at various times since the 22d of May, 1896, plaintiff has prevented the defendant from the free use of the premises described, and threatens to permanently deprive the defendant of the possession of the same, whereby defendant has been damaged in the sum of one hundred (100) dollars.''

The prayer of the answer demands judgment that the plaintiff execute to the defendant a sufficient deed of the property so owned and claimed by him, for $100 damages, and such other relief as the court may deem just.

The plaintiff demurred to the answer and cross-complaint on various grounds, and the demurrer was overruled. The only ground of the demurrer presented in plaintiff's brief is that no denial of plaintiff's allegations, that he is the owner of the premises described in the complaint, and that he became such by deed from Margaret Howarth Haslam, dated May, 1896, was made, and therefore the defendant's answer was wholly insufficient to constitute à defense.

The answer denied the alleged trespasses and damages, and raised issues between the parties on these questions. The demurrer could not, therefore, have been, properly, sustained under the general objection that the answer did not constitute a defense. If the answer had contained nothing but the denials before mentioned, the defendant

would not have been entitled to introduce evidence on the question of title, and the evidence should have been confined to the issues formed by the denials of the answer. The answer, however, by way of cross-complaint, in accordance with the prayer of the complaint, sets out in minute detail, a title in defendant, to the premises in dispute, which if established by proof would defeat the plaintiff's right to the relief prayed for in the complaint, or to any relief whatever, and put the alleged title and right of possession of plaintiff in issue as effectually as any specific denials could have done.

The complaint alleges that the defendant claims an interest or title in said premises adverse to plaintiff, and prays that defendant may be required to specifically state his said claim.    This the defendant has done in his answer by way of cross-complaint.

We are of the opinion, that under the ruling of this court, in the case of the Irrigation Co. v. Little, 14 Utah, 42–46, the matter alleged by way of cross-complaint is properly a part of the answer, and therefore the answer herein not only states facts sufficient to constitute a defense, but to entitle the defendant to the affirmative relief prayed for.    The demurrer was, therefore, properly overruled.    But if it be conceded that said matter constitutes no part of the answer, but constitutes a cross-complaint, the plaintiff in his complaint having alleged that the defendant claimed an adverse interest or title, and prayed that the defendant might be required to set out his claim, the defendant was required, in order to maintain his rights and prevent a judgment against him, either by answer or cross-complaint, to set up his claim, and having done so in what is designated a cross-complaint, and the plaintiff having by his answer thereto joined issue on the question of title, and said issue, with the issues raised by

the denials of the defendant's answer to the complaint, having been tried together in one and the same trial, the plaintiff is bound by the result, and the demurrer, on the grounds stated in plaintiff's brief, even if well founded, could not change that result.

Upon the trial of the case, the court found the following facts and conclusions of law :

1. That on the first of July, 1891, Margaret Howarth Haslam, the mother of plaintiff and defendant, was seized and possessed of the land described in defendant's cross-complaint, being five feet by nine rods in dimensions.

2. That on or about the 1st of July, 1891, the defendant and the said Margaret Howarth Haslam entered into the contract as already described in defendant's cross-complaint.

3. That under and by virtue of said agreement, and with the consent of the said Margaret Howarth Haslam, the defendant entered into possession of the same and made improvement on said land and on land immediately adjoining it on the north, aggregating the sum of one thousand (1,000) dollars ; that the defendant has been and now is in actual, open, and exclusive possession of said land and improvements thereon.

4. That the defendant has been ready and willing to pay said Margaret Howarth Haslam for the said land, and on March 30, 1897, he did make payment thereof, and that she thereupon executed to him a deed for the property described in the cross-complaint.

5. That on or about the 22d of May, 1896, Margaret Howarth Haslam executed and delivered to the plaintiff a warranty deed purporting to convey to the plaintiff the land described in the said cross-complaint.

6. That at the time of the execution and delivery to plaintiff of the deed, the plaintiff well knew of the agree-

ment between defendant and Margaret Howarth Haslam, and that the defendant was in the possession of the said premises.

7. That all the allegations of the defendant's answer and cross-complaint are true, and plaintiff's allegations are untrue.

As conclusions of law from the foregoing facts, the court now hereby finds and decides :

1. That the defendant is the owner in fee simple and entitled to the possession of the land and premises, as the same are described in finding No. 1, and in his cross-complaint on file herein, as against the plaintiff and all persons claiming or to claim the same, or any part thereof, under said plaintiff, and that said plaintiff has no right, title, or interest in or to said land or any part thereof.

2. That said defendant is entitled to a decree to quiet his title to said land against said plaintiff, and against all persons claiming or to claim the same, or any part thereof, under or through said plaintiff. A decree was rendered in accordance with these conclusions of law.

We are of the opinion that the facts found by the court are supported by the evidence, but that the evidence does not warrant the finding of the court's conclusion of law, that the defendant is the owner in fee of the land and premises described in finding No. 1, and in the cross-complaint, for the following reasons : It is an undisputed fact that at the date Margaret Howarth Haslam conveyed to the plaintiff the real estate described in the complaint, she was the legal owner of the same. It is not alleged, nor is there any finding to the effect that said conveyance was fraudulent ; nor is there any prayer in the cross-complaint to have the same set aside. The prayer is that the plaintiff be required to convey the property, included in said conveyance, described in the cross-complaint, to the

defendant. While the legal title was in Mrs. Haslam, she held it as trustee of the defendant, who was the equitable and beneficial owner, and until the terms of the verbal contract set out in the cross-complaint (which was taken out of the operation of the statute of frauds by part performance and the erection of valuable improvements) were fully complied with, the legal title would have remained in said trustee, as security for the unpaid purchase money, had she not conveyed the premises to the plaintiff. The rule on this subject is tersely stated in 28 American and English Enc. of Law, Title Vendor and Purchaser, p. 108, N. 1, thus: "It is a well settled rule that the vendor of real estate, who has not executed a deed to the purchaser, holds the legal title as security for the payment of the purchase money."

This rule is frequently expressed by the authorities thus. The vendor has a lien upon the vendee's equitable estate as security for payment of the purchase money according to the terms of the agreement. See 1 Pingrey on Mortgages, Secs. 308, 313.

In this case, if the deed by Mrs. Haslam to the plaintiff passed the legal title to him, then the deed subsequently made by her to the defendant passed no title, and the finding that the defendant is the owner in fee simple of the property described in his cross-complaint is not correct. We are of the opinion that the deed to the plaintiff conveyed to him the legal title, and that he holds that portion of said premises described in the cross-complaint in trust for the defendant.

In the case of Cavagnaro v. Don, et al., 63 Cal., 227–231, the court quotes the following from Perry on Trusts, Sec. 217: "It is a universal rule that if a man purchases property of a trustee with notice of the trust, he shall be charged with the same trust in respect to the property as

the trustee from whom he purchased. And even if he pays a valuable consideration, with notice of the equitable rights of third persons, he shall hold the property subject to the equitable interests of such persons."

Sadler's Appeal, 87 Pa. St. 154 ; *Cain* v. *Cox*, 23 W. Va., 594, 613 ; 2 Washburne on Real Property, p. 524, Sec. 21.

While the legal title of the premises, described in the cross-complaint, passed to the plaintiff by the deed to him from Mrs. Haslam, her vendor's lien did not. The indebtedness for the purchase money, to secure the payment of which Mrs. Haslam had a vendor's lien, was not assigned to the plaintiff. She could have assigned that indebtedness to a third party any time before the defendant paid the same. By the conveyance to plaintiff Mrs. Haslam lost her vendor's lien, and under it the plaintiff acquired no right to said indebtedness, neither at law or in equity. Such a result was not contemplated or intended by him. He acquired the naked title for the purpose of holding it adversely to the defendant. He obtained a deed with convenants of warranty and evidently relied on that for protection against any defect in his title. He had full notice of the equities of defendant. When, therefore, defendant paid the purchase money to the party to whom he owed it, he became entitled to a conveyance from the plaintiff who held the naked legal title of the premises, in trust for the defendant who was the equitable owner, and was vested with the beneficial interest.

We are of the opinion that the defendant, under the finding of facts, is entitled to a decree requiring the plaintiff to convey to the defendant the premises described in the cross-complaint.

The decree rendered by the lower court is less bene-

ficial to the defendant, and less onerous to the plaintiff, than the one which the defendant was entitled to under the findings, would have been ; yet as the defendant has taken no appeal nor expressed any dissatisfaction with the decree, we will not disturb the same.

It is therefore ordered that the decree be, and the same is hereby affirmed, with costs.

BARTCH, C. J., and MC CARTY, J., concur.