OBERHOLTZ, APPELLANT, *v.* OBERHOLTZ ET AL., APPELLEES.

(No. 3822—Decided March 7, 1947.)

*Mr. George McCamont,* for appellant.

*Mr. John D. May,* for appellees John W. Smith and Relda A. Smith.

*Mr. Otto C. Moyer,* for appellees John Martin and Roxie Van Horn.

DOYLE, P. J. This action was brought by the appellant, Alice Oberholtz, in the Court of Common Pleas of Summit county, against the appellee Ralph E. Oberholtz and others, to partition real property, and for an accounting.

Trial was had to the court without a jury, and at the conclusion of the evidence, judgment was rendered against the appellant, for the reason that the deed under which the title to the property in the plaintiff was claimed, was "ineffective to pass title to the grantees" therein.

From this judgment, appeal was perfected on questions of law, and attention is now directed to a consideration of the claimed erroneous judgment.

In the fore part of the year 1944, Charles Smith, father of the appellant, sought and received the services of H. P. Henley, an attorney at law, to perform the necessary work incident to the administration of his recently deceased wife's estate. During these negotiations the attorney was also directed by his client to prepare a deed for the property now in controversy, and of which he was the owner, designating his daughter, Alice Oberholtz, as the grantee. The deed was prepared but not executed, and was given into the custody of the client.

A short time later, Smith again went to the office of attorney Henley, with the unexecuted deed in his possession, and instructed the attorney to add the name of John W. Smith—a son—to that of his daughter, Alice Oberholtz, as an additional grantee. This work was performed, and other language in the deed was changed to read "their heirs and assigns," rather than "her heirs and assigns," etc.

The deed—one of general warranty—was thereupon signed by the grantor, witnessed and properly acknowledged before a notary. The executed instrument was then taken away by the grantor.

Some months later—"around Christmas time" of 1944—he again went to the office of his attorney, and after exhibiting the executed instrument, said to the lawyer: "Here's that deed that you fixed up for me

for John and Alice, and when I die see that they get it.''

On September 8, 1944, a date between the date of the execution of the deed and the date on which the instrument was delivered to and deposited with the lawyer with the instructions heretofore noted, the grantor executed a land contract for the sale of a part of the premises in question to John Martin and Roxie Van Horn, strangers in the family line, and received a money down-payment. In addition to the down payment, he likewise received monthly payments from these grantees until his last illness and the interruption of death.

It thus appears that (1) the owner of the property in question executed a land contract for the sale of a part of the property to third parties; (2) while the contract was in force, he delivered a general warranty deed for the entire property, to all of which he still held the legal title (even though a part had been sold under land contract), to an attorney with instructions to deliver the deed to two of his children named in the instrument as grantees, at the time of his death; (3) at his death the land contract was in full force and effect, and with the record legal title in the grantor;. (4) shortly after the grantor's death the deed was shown to the named grantees and then recorded with the express instructions of Mrs. Oberholtz, and the apparent approval of John W. Smith, the other grantee.

Under these facts (which appear undisputed), what became of the title to the property? Was it conveyed by deed to the named grantees, or did the grantor die seized of the estate?

It is claimed by the grantee John W. Smith that he has no legal title to the property through the deed, nor does his sister, Mrs. Oberholtz. He prays that the deed be ordered cancelled and the ''title * * * be

restored to the name of Charles Smith, deceased, and that the same be made part of the property of (the) decedent for administration.''

The contest before the court is between the two grantees (other heirs of the grantor are not parties); and although the vendees in the land contract are party defendants, there is no controversy as to them, as will hereinafter be noted.

■ It is established in this state, and generally throughout the country, that, where the owner of land delivers, to a third person, an instrument sufficient in form to convey land, with directions to the third person to see that the grantees named therein ''get it'' upon his death, the owner then and there intending to part with all right to withdraw, revoke or control the instrument, such owner delivers the instrument as his deed and is immediately and irrevocably bound by the provisions contained therein.

The Supreme Court of Ohio has expressed this general principle in the following terms:

''4. Where the grantor delivers his deed to a third person to be delivered by him to the grantee at the death of the grantor, without reserving to himself any control over the instrument, and such deed is delivered accordingly to the grantee, the title passes to the grantee upon such last delivery, and, by relation, the deed takes effect as of the date of the first delivery.'' *Crooks* v. *Crooks,* 34 Ohio St., 610. See, also, *Patrick* v. *Parrott,* 92 Ohio St., 184, 110 N. E., 725.

The ''acceptance by the donee of a gift beneficial in character will be presumed, and this presumption prevails where the gift is delivered to a third person as trustee for the donee without the latter's knowledge.'' *Streeper, Admr:,* v. *Myers,* 132 Ohio St., 322, 7 N. E. (2d), 554.

And, as applicable to the case under consideration,

acceptance by both grantees, to the extent of making inflexible the intention and delivery of the owner, is presumed.

■ The petitioner herein, to establish her right to partition, must establish by the necessary degree of proof that she is now the owner of a legal estate in the property. And proof of this fact must be by evidence that her father, the grantor, intended, in the delivery to lawyer Henley, to divest himself of his right to withdraw, revoke or control the instrument as completely as though he were delivering it to the persons named as grantees and by words or act expressly or impliedly acknowledged his intention. Whether there was a delivery, in the legal sense, under a state of facts, is a question of law; however, it is a question of fact whether the facts, which the law requires to constitute the delivery, exist and are proved.

■ The instrument given by the owner to the third person was adequate in form to convey the land to the grantees. The act of delivery and the language employed, considered alone, were adequate to expressly acknowledge the intention of the grantor to be immediately and unconditionally bound by the provisions of the instrument. *Patrick* v. *Parrott, supra.*

Does other evidence, showing surrounding conditions, circumstances, acts and declarations of the grantor, prior and subsequent to the claimed delivery, make the question of intention and legal delivery one for debate and one upon which reasonable minds could reach different conclusions?

The question of intention must be established as of the time of the delivery of the deed to the third person. And it would seem that if, after such delivery, the grantor had sold the property under land contract and retained the proceeds, such fact would have probative value on the question of his intention at the time of the giving of the deed to the third person. Such, how-

ever, is not this case. On the contrary, the land contract for a part of the land described in the deed was given first. Several months later, and at a time when the interest of the vendor was "not that of a mere naked trustee for the vendee," but was the holding of the legal title plus the ownership of a beneficial interest in the land to the extent of the large unpaid balance, the vendor delivered his deed to the third person. *Coggshall* v. *Marine Bank Co.,* 63 Ohio St., 88, 57 N. E., 1086.

The previous transaction of the land contract would have no negative bearing upon his intention to part with all control over the deed at the time of its delivery to the third party. It would seem to lend support to his intention, as evidenced by his acts and instructions, to part with all control over the instrument, because it may be presumed that he knew that under these circumstances the title to the property would not pass until his death or until the second delivery, and that resort to the fiction that the deed took effect as of the date of the first delivery was not proper (*Rathmell, Exr.,* v. *Shirey,* 60 Ohio St., 187, 53 N. E., 1098) and that the conditions extant in *Crooks* v. *Crooks, supra,* which required the ruling that the "deed [took] effect as of the date of the first delivery," did not exist under these circumstances. And he may be presumed to have known that as long as the title to the property under the deed did not pass until after his death or at the time of the second delivery, the payments on the land contract (a few of which he received prior to his death) were legally his. Therefore, the fact that he received and kept the money paid on the land contract, cannot be considered as effective evidence of a lack of intention to part with all control over the instrument at the time of delivery.

This court is of the opinion that there is no substantial evidence countering the reasonable and prob-

able inferences to be drawn from the language of the deed, the language of the grantor to the third party at the time of the delivery, and the surrounding circumstances, and as a result thereof the intention of the grantor to divest himself of all control over the instrument was established.

The claim is made that it was the intention of the grantor to give the property to the two grantees for the benefit of all of his heirs at law.

We believe this claim untenable from the evidence. If he had intended that his children should share equally in the remaining property at his death, he could have included them as grantees in the deed. This he did not do.

The rights of the vendees under the land contract are not in dispute. They are, however, amply protected, as purchasers for value. And as to them, the present litigants stand in the same position as did their predecessor in title.

The judgment is reversed as being contrary to law; and the evidence being such that reasonable minds could reasonably reach but one conclusion, and that adverse to the contention of the appellees Smith, final judgment is entered for the appellant, and the cause is remanded for an accounting.

*Judgment reversed.*

STEVENS and HUNSICKER, JJ., concur.

(Decided April 3, 1947.)

ON APPLICATION FOR REHEARING.

DOYLE, P. J. It is asserted in the application of appellees John W. Smith and Relda A. Smith for a rehearing that "the holding of the court requires the decision of the further question * * * as to whether

the deed to the grantees entitles the said grantees to the unpaid portion of the monies which arise as a result of the sale of a part of the premises described in the deed by the decedent, Charles Smith, from the purchasers, John Martin and Roxie Van Horn. It is the submission of these defendant appellees that the monies arising by reason of the sale of the premises described in the land contract is personal property and accordingly passes to the estate of the decedent and not to the grantees in the deed of said decedent * * *.''

We recognize the rule of equitable conversion as applied to contracts for the sale of real property—*viz.,* that under certain circumstances equity looks upon things agreed to be done as actually done, and that, when a contract is made for the sale of real property, the vendor, from the execution of such contract, holds the legal title to the lands as a trustee for the vendee, and the vendor's beneficial interest in the contract is treated for purposes of descent as personalty and as an asset of the vendor's estate to be administered by his executor or administrator.

However, when one contracts to convey land to another and retains the legal title, he likewise retains the right to convey his legal title to a third person, subject to the rights of the contract vendee. And if the third person grantee acquires his title with notice of the prior contract, or is not a *bona fide* purchaser for value, such grantee's rights are no greater than those of his grantor. *Mutual Aid Bldg. & Loan Co.* v. *Gashe, Assignee,* 56 Ohio St., 273, 299, 46 N. E., 985; 40 Ohio Jurisprudence, 1033, Vendor and Purchaser, Section 127.

Now, in the case under consideration, it is observed that the grantees under the deed were the recipients of a lawful gift of property. Also, the possession of the premises by the vendees under the contract constituted notice to the world of the contract. It follows

that their rights rose no higher than those of their grantor. This being so, how high do these rights rise? Do these grantees hold only a bare legal title and no beneficial interest in the contract, or did the deed to them convey a beneficial interest as well as the title?

If the grantor did not intend to convey the beneficial interest and did not intend that the deed should be an assignment from the date of his death of the payments thereafter to fall due, then the only interest the deed conveyed was the right to repossess the property in event the vendees breached their contract of purchase. We think it may be assumed that the grantor intended to convey some financial interest in the property to his two children by the execution and delivery of the general warranty deed, and that assumption is buttressed by the fact that, in the deed, he reserved no rights to himself. If such was not his intention, the execution and delivery of the deed would have been a "useless and vain thing." *Dineris* v. *Phelan*, 62 Utah, 387, 219 P., 1114; *Southern Bldg. & Loan Assn.* v. *Page*, 46 W. Va., 302, 33 S. E., 336.

"A conveyance of his interest by a vendor to a third person, or an assignment by the vendor of the executory contract, will as a general rule pass the right to receive the purchase money * * *." 55 American Jurisprudence, 829, Vendor and Purchaser, Section 409.

See, also, text and cited cases under the subtitle "Rights as between vendee and subsequent grantee or mortgagee as regards unpaid part of purchase price" at page 1519 of annotation in 87 A. L. R., 1505.

The application for a rehearing is denied.

*Application denied.*

STEVENS and HUNSICKER, JJ., concur.