## W. W. CLEMENSON *v.* STEPHEN B. CHANDLER *et al.*

### *Error from Shawnee County.*

In an action for a judgment on a note, and foreclosure of a mortgage securing it, and adjustment of the priority of liens, *held* that, on demand of defendant, the issues should have been sent to a jury [Civ. Code, § 274; 10 O. S., 437], no reference of the case having been made. [§ 292.]

This was an action brought by one of the defendants in error in the usual form on a note and mortgage, making plaintiff in error, who had a lien on the mortgaged premises, and others, parties defendants. Answers were filed by defendants. On the trial of the cause, the defendants demanded a jury, which was, by the court, refused, and exceptions to the ruling were preserved. Judgment and decree were rendered for plaintiff, and Clemenson brought the case to this court for review.

*J. & D. Brockway*, for plaintiff in error.

*Wilson Shannon*, for defendants in error.

*Brockways* submitted :

All the issues made by the pleadings in the court below, were issues of fact arising in an action for the recovery of money, and should have been tried by a jury. § 274, *Civ. Code.*

The right to a trial by jury, when demanded, was absolute, and it was therefore error in the court to refuse it. *Genson* v. *Keteltus*, 17 *N. Y.*, 498 ; 14 *B. Mon.*, 517; 11 *Ind.*, 80 ; 15 *B. Mon.*, 591.

The right of trial by jury is declared to be inviolate, by the constitution of this state. § 5, *Bill Rts.*

It is a mode of trial highly favored and intimately connected with the general welfare ; and in the trial of issues of fact, it is the duty of the courts to submit them to a jury when demanded by a party, unless the statute has expressly left it in the discretion of the court. 3 *Greenl. on Ev.*, §§ 264–6.

The court below should, therefore, have granted a new trial.

*By the Court*, SAFFORD, J.

The only question which is urged for our consideration in this case, arises upon the refusal of the district court to submit any of the various issues, of whatever kind or nature, as made up by the pleadings, to the judgment and decision of a jury, according to the request and demand of the plaintiff in error, who was one of the defendants below.

Such refusal of the district court is claimed to have been erroneous, and prejudicial to the rights of the parties defendant, and especially so to the rights of the plaintiff here. We think that this point is well taken; and when considered in the light of the provisions of the code bearing upon it, is seemingly so clear as to hardly admit of question, or require argument to establish it. Sec. 274 of the code provides as follows: "That issues of law must be tried by the court, unless referred, as provided in § 292. Issues of fact arising in an action for the recovery of money, or of specific, real or personal property, shall be tried by a jury, unless a jury is waived or a reference be ordered, as hereinafter provided." Secs. 269, 270, 271, and 272, treat of the issues arising in actions upon the pleadings, and, among other things, afford a definition of the two kinds of issues which may thus arise, to wit: issues of law and of fact.

Now, applying the definition here given of an issue of fact to the pleadings in this case, whatever may appear in the nature of an issue of law, there can certainly be no question as to the existence of more than one issue of fact; and such issues of fact ought, as we have seen (§ 274, *Code;* 10 *O. St.*, 437), to have been tried by jury, if the action was for the recovery of money or of specific, real or personal property, and a jury was not waived or a reference ordered.

Whatever else might have been the object of this suit, in this instance its primary object was the recovery of a judgment for money; and secondarily, in case of such recovery, the determination of the priority of liens upon and the subjection of certain property to sale for the payment of such judgment.

The record shows that no waiver of a jury was made,

but, on the contrary, that such jury was demanded, and that no reference was asked for or ordered. All these several matters, as well as those to which we have before referred, appearing in the record, we think, as before stated, that the district court erred in refusing the demand for a jury trial, and that the judgment in this case should, for that reason, be reversed.

It is accordingly so ordered, and the cause remanded for further proceedings.

BAILEY, J., concurring.