STEPHEN CAVENAUGH V. JAMES C. FULLER.

1. DEFAULT; *Amending Pleadings*.  A petition is filed containing two counts. The defendant answers one count and demurs to the other.  The demurrer is sustained, and the plaintiff obtains leave to amend his petition, and does so by re-writing it, making no change save in the prayer for the relief, and afterwards obtains leave to reply to the answer, which he files.  *Held*, that the defendant was not in default.

2. JURY TRIAL; *Right of Party*.  Where in a suit on a note and mortgage a personal judgment against the defendant is sought, and the answer sets up payment of the note, and the reply traverses the allegation of payment, the defendant, in an issue made up, is entitled to a jury, and to refuse a demand therefor is error.

*Error from Bourbon District Court.*

THIS case involves only questions of practice.  The pleadings and proceedings are sufficiently stated in the opinion. The case was tried at the July Term 1871.  Judgment was given in favor of *Fuller*, and *Cavenaugh* brings the case here on error.

*McComas & McKeighan*, for plaintiff in error:

1. It was error to call the case out of its order upon the docket.  Laws of 1871, ch. 116, § 4, p. 278.

2. The amended petition described the same note described in the original petition. The answer to the original petition was an answer to the amended petition, (5 Kas., 305,) and there was no default.

3. The answer setting up payment, with the reply denying it, made an issue which the defendant had a right to have submitted to the jury. Civil code, § 266; 4 Kas., 588.

*C. O. French,* for defendant in error:

The amended petition included in one count all the matters stated in both counts of the original petition. Plaintiff in error had answered to a part, and had demurred to the residue, as stated in original petition. By uniting in one count, or cause of action, all the matters complained of, the original answer was not responsive, and an answer to the amended petition was necessary; and for want of such answer Cavenaugh was in default, and there was no error in trying the case without a jury.

The opinion of the court was delivered by

KINGMAN, C. J.: The defendant in error brought a suit upon a note and mortgage—in one count setting up the note and mortgage, and in a second count a claim for an attorney's fee for foreclosing the mortgage. On the 5th of March 1871 an answer was filed to the count on the note, averring payment thereof in full, and a demurrer was filed to the second count. The court sustained the demurrer. The plaintiff then obtained leave to file amended petition, which was literally a copy of the count in the original petition to which an answer was filed with the addition of a prayer for foreclosure. This amended petition was filed on the 27th of March 1871. On the 22d of July thereafter the plaintiff obtained leave to reply to defendant's answer, which reply was filed the same day. When the cause came on for trial, the defendant demanded a jury, which the court refused, but on the hearing offered to allow the defendant to introduce proof of payment. The court at first treated the case as though the defendant

was in default; but as proof of payment could only be admitted under the answer, the court seems to have changed its ground before the judgment.

Upon the principles decided in the case of *Stevens v. Thompson*, 5 Kas., 305, and *Cohen v. Hamill*, 8 Kas., 621, the defendant was not in default. The plaintiff below sought by his petition and obtained from the court a personal judgment against the plaintiff in error, as well as the foreclosure of a mortgage. The answer setting up payment, with the reply to it denying the payment, made an issue which under our code entitled the defendant below to a jury. See *Clemensen v. Chandler*, 4 Kas., 558. The refusal of the court to give a jury trial doubtless grew out of the view which it took that the defendant was in default, which we have seen was erroneous. The judgment is reversed, and a new trial ordered.

All the Justices concurring.