### BREWER v. ROMNEY et al.

No. 3060.    Decided August 20, 1917.    (167 Pac. 366.)

1. BILLS AND NOTES—SUFFICIENCY OF ANSWER—DENIAL—STATUTE. Under Comp Laws 1907, section 2968, subd. 1, requiring an answer to contain a specific denial of each material allegation of the complaint controverted, or of any knowledge or information thereof sufficient to form a belief, or a specific admission or denial of some of the allegations, and also a general denial of all the allegations, not specifically admitted or denied, an answer in a suit on a note and to foreclose a mortgage on realty, denying all the allegations of the complaint and affirmatively alleging the execution of a note to plaintiff, but denying that it was in form or legal effect as set out in the complaint, did not put in issue and sufficiently state a defense to all the material allegations of the complaint.    (Page 239.)

2. BILLS AND NOTES—EXECUTION OF WRITTEN INSTRUMENT—DENIAL UNDER OATH—STATUTE. Comp. Laws 1907, section 2984, providing that in all actions the allegations of the execution of any written instruments shall be taken as true unless the denial thereof is verified by the affidavit of the party or his attorney, required a specific denial under oath of the execution of the note and mortgage sued on in order to place plaintiff upon proof of their execution. (Page 240.)

3. PLEADING—ANSWER—VERIFICATION. Under such provision, the verification of defendant's answer by his attorney of record, to the effect that it was "true to the best of his knowledge, information, and belief," verified no direct or positive denial of the allegations of the complaint.    (Page 241.)

4. APPEAL AND ERROR—REVIEW—APPEAL FROM JUDGMENT ON PLEADINGS—EVIDENCE. In a suit on a note and to foreclose a mortgage on

realty, a letter of defendant's counsel, asking an extension of time for payment, though admitted without objection, would be disregarded on appeal from a judgment for plaintiff on the pleadings. (Page 241.)

Appeal from District Court, Third District; *Hon. George F. Goodwin,* Judge.

Action by Mrs. A. J. Brewer against Walter Romney and another.

Judgment for plaintiff on the complaint and answer. Motion for new trial denied. Defendants appeal.

AFFIRMED.

*Walter C. Hurd* for appellants.

*W. R. Hutchinson* for respondent.

CORFMAN, J.

Plaintiff brought suit in the district court of Salt Lake county to collect the amount due on a promissory note and to foreclose a mortgage given as security on certain real property therein described. The complaint is in the usual form. Defendants demurred to the complaint, and, upon the overruling of their demurrer, made answer, denying generally each and every allegation of the complaint, and affirmatively alleged that:

"They executed a certain promissory note in favor of said plaintiff, but deny that the same was in form or in substance or legal effect as set out in said complaint, or to the effect therein alleged."

The answer was verified by the attorney for the defendants:

"That he is the attorney for the defendant in the above action, and makes this verification in his behalf for the reason that said defendant is absent from Salt Lake county, where his attorney resides and where this action is pending; that he has read the foregoing answer, knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief."

Plaintiff moved for judgment in her favor against the defendants, upon their answer, "for the reason that said answer is an admission of the liability and claim and demand of plaintiff in said action, and for the further reason that said answer is not verified as required by law, and for the further reason that said answer is a subterfuge and is not made in good faith." Thereafter said motion coming on for hearing, Walter C. Hurd, the attorney for defendants, was called as a witness in behalf of the plaintiff, and a letter written by him to the plaintiff for the defendants was identified, offered, and received in evidence, wherein it was stated:

"I am the attorney for Mr. Walter Romney, against whom you have started foreclosure proceedings on a mortgage executed by him and his wife, which became due last fall. I have had several conversations with Mr. Hutchinson, your attorney, concerning the matter in an endeavor to get an extension of time for the payment of this mortgage for about three months, by which time Mr. Romney will have the money to pay the mortgage in full. * * * Mr. Romney desires me to say that if you will consent to delay proceedings upon the mortgage until April 1st, he will pay the court costs and attorney's fees and pay the mortgage in full by that time. If you will consent to this, it will be a great accommodation to Mr. Romney, as it will save him from paying the additional court costs which would be incurred by forcing the case along, and it will also avoid the necessity of his getting a new mortgage on this property with which to pay off your mortgage, since, as above stated, he will have the money by April 1st with which to pay off your mortgage in full. * * * I trust that you will see fit to agree to delay matters for the short time above requested, especially in view of the fact that you would not be able to procure a judgment any sooner than April 1st, and in consenting to the delay you will save Mr. Romney considerable money. * * * "

The court granted plaintiff's motion, with leave to defendants to amend their answer, which defendants declined to do. Thereafter plaintiff offered proof under the allegations of her complaint, and the court made its findings of fact, conclusions

of law, and rendered judgment for the plaintiff against the defendants, as prayed for in plaintiff's complaint. Motion for a new trial was made and denied. Defendants appeal.

Several errors are assigned by defendants on appeal, all of which merge with the one question, Was the trial court justified in granting the plaintiff's motion for a judgment on the pleadings? Subdivision 1, section 2968, c. 12, Comp. Laws Utah 197, provides that an answer must contain:

"A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief, or a specific admission or denial of some of the allegations of the complaint, and also a general denial of all the allegations of the complaint not specifically admitted or denied in the answer."

Counsel for defendants very earnestly argues that under the foregoing provisions of the statute defendants' answer, denying generally all the allegations of the complaint, puts in issue and sufficiently states a defense to all the material allegations of the plaintiff's complaint, citing as his authority in support of his contention, among others, *Morrison* v. *O'Reilly,* 2 Utah, 166, *Reich* v. *Rebellion S. M. Co.,* 3 Utah, 257, 2 Pac. 703, and *Haslam* v. *Haslam,* 19 Utah, 5, 56 Pac. 243. We have carefully reviewed the foregoing cases and, in our opinion, they clearly fail to support the position taken by counsel that a general denial is sufficient to put in issue the formal allegations of a complaint in a suit upon a promissory note and mortgage when in form as presented here by the plaintiff's complaint. In the Reich Case, supra, this court decided without comment as to the sufficiency of *specific,* not general denials, *"that material issues were raised* by the answers, and hence he (plaintiff) is not entitled to judgment on the pleadings." (Italics ours.) In the Morrison Case, supra, this court held:

"An inspection of the answer shows very clearly that most, if not all, the allegations of the complaint are *specifically* denied. The mere form of the denials is not material if they meet and traverse the allegations in the complaint." (Italics ours.)

Again, in the Haslam Case, supra, which was an action for trespass and damages, this court said:

"The answer, however, by way of cross-complaint, in accordance with the prayer of the complaint, *sets out in minute detail* a title in defendant, to the premises in dispute, which if established by proof would defeat the plaintiff's right to the relief prayed for in the complaint, or to any relief whatever, and put the alleged title and right of possession of plaintiff in issue as effectually as any specific denial could have done." (Italics ours.)

It is provided by section 2984, c. 15, Comp. Laws Utah 1907, that:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

So far as the writer of this opinion has been able to ascertain after careful search, the precise question has never been passed on by this court as to whether a general denial shall be deemed sufficient answer to a complaint in an action upon a note and mortgage pleaded as in the case at bar. However, it has been expressly held in some jurisdictions, under statutes very similar to the Utah statute in question, that a general denial does not present any issue to be tried. *Banks* v. *McCosker,* 82 Md. 518, 34 Atl. 539, 51 Am. St. Rep. 478; *Bausman* v. *Credit Guarantee Co.,* 47 Minn. 377, 50 N. W. 496.

We think a fair interpretation of the Utah statute, last above quoted, requires a specific denial under oath of the execution of the note and mortgage sued upon in this action if the plaintiff is to be placed upon proof of their execution, and that the defendants' general denial, as to execution, raises no issue, especially when qualified with the defendant's admission "that they executed a certain promissory note in favor of said plaintiff."

Let it be understood that we are not here deciding that under the Utah statute above quoted a general verified denial in any case would not raise an issue nor put the plaintiff on

proof of the allegations of his complaint in an action upon contract; but we do decide that (assuming that in the case at bar the answer of the defendants was duly verified) upon the introduction without objection of the defendants' letter to plaintiff, virtually admitting the plaintiff's demands to be just and due her, the trial court was amply justified in awarding plaintiff judgment as prayed for in her complaint. Any other course would not subserve the interests of justice, and would only tend to encourage sham and frivolous answers.

Then again, the verification of defendants' answer in their behalf, as made by their attorney of record, "that the same is true to the best of his knowledge, information, and belief," verifies no direct or positive denial, and makes manifest an intent to evade the responsibility of denying under oath the truthfulness of the allegations of the plaintiff's complaint.

Commercial interests, and business good faith as well, in actions upon this class of contracts, require that if there be defenses they should be specifically stated, and with common certainty. The record in the case at bar indicates no defense of merit, and we are convinced that a reversal of the judgment of the district court would not avail the defendants of the opportunity of making any legal defense or securing for themselves any modification of the judgment as it now stands.

We cannot conceive wherein the letter written by counsel for defendants was competent or admissible on the hearing of plaintiff's motion for judgment on the pleadings. While it was received in evidence without objection, and is a part of the record on appeal to this court, in our opinion it should be, and is, by this court, disregarded.

It is ordered that the judgment be affirmed, with costs.

McCARTY, THURMAN, and GIDEON, JJ., concur.

FRICK, C. J.

I concur. In view of the importance of the question of procedure that is involved in the foregoing decision I desire to add a few words to what is said by my associate, Mr. Justice CORFMAN.

In my opinion the answer in this case was wholly insufficient to successfully withstand the motion for judgment on the pleadings. It presented no material issue for the reason that in view of the provisions of Comp. Laws, 1907, section 2984, the execution of both the note and the mortgage sued on were admitted and hence none of the material allegations contained in the complaint were denied. That section, in my judgment, means just what it says, namely, that the things therein enumerated must be specifically denied under oath, or, for the purposes of the action, they will be deemed admitted. A mere general denial, whether verified or not, under our Code, as a matter of course, puts in issue all the material allegations of the complaint except those pertaining to the things enumerated in section 2984. If, however, the pleader intends to put in issue any one or more of the matters in that section enumerated he must do so by specifically referring to and denying the thing therein enumerated which he intends to deny and which he intends to put in issue. If that is not the purpose of the statute then I cannot conceive that it has any purpose. Moreover, the statute was adopted so that the plaintiff might be put on notice whether he is required to produce evidence in support of any one or more, or all, of the matters mentioned in section 2984. The statute was, therefore, adopted in the interest of the due administration of justice, not only in that regard, but also in respect of preventing perjury on the part of a too willing defendant. If, by a general denial, all the things enumerated in section 2984 are in fact denied, then it will often happen that a defendant in fact will deny that which he would not deny if his attention were directed to the specific thing he is called on to deny as a matter of form. Almost any layman will, when requested by his attorney, verify a general denial, when, if he were requested to make oath to the specific fact that he did not sign the instrument sued on, or that a particular person did not indorse the same, or that a particular person was not appointed executor or administrator, or any of the other things enumerated in the statute, he would not deny the fact under oath. If, therefore, a general denial is held sufficient to put in issue all

Appeal from Salt Lake County, Third District

of the things mentioned in the statute the person who falsely verifies such a denial may, to say the least, be subject to prosecution for perjury. In my judgment, therefore, the manifest intention and purpose of the statute is to require a specific denial of all the things that are specially enumerated therein, and unless so denied under oath all of them will be deemed admitted for the purposes of the action. The judgment should, therefore, be affirmed.