## GRAY'S HARBOR LUMBER CO. v. BURTON LUMBER CO.

No. 4106.    Decided May 11, 1925.    (236 P. 1102.)

1. APPEAL AND ERROR—ONLY SUCH MATTERS REVIEWED AS DEEMED EXCEPTED TO UNDER STATUTE, WHERE NO OBJECTION NOR EXCEPTION SAVED BELOW. Where defendant interposed no objection and saved no exception in district court, Supreme Court can only examine such matters as are deemed excepted to under the statute.

2. JUDGMENT—COMPLAINT IN ACTION ON TRADE ACCEPTANCES HELD NOT SO LACKING IN ESSENTIAL AVERMENTS AS NOT TO SUPPORT JUDGMENT FOR PLAINTIFF. In action against drawee and acceptor on trade acceptance being an action on written instrument for payment of money only, complaint, which did not specifically allege ownership or right of possession, *held* not so lacking in essential averments as not to support judgment for plaintiff especially in view of fact that no defense was interposed under general denial.

3. BILLS AND NOTES—PLAINTIFF SUING ON TRADE ACCEPTANCES HELD TO HAVE MADE PRIMA FACIE CASE OF OWNERSHIP BY PRODUCING INSTRUMENT, WHERE NO PROOF TO CONTRARY. An action on trade acceptances, being an action on written instrument for recovery of money only, where instrument was in possession

of plaintiff and was produced in court, presumption that plaintiff was owner prevailed, and, in absence of proof to contrary, plaintiff made out a prima facie case.

4. BILLS AND NOTES—PRESENTMENT FOR PAYMENT UNNECESSARY IN ACTION AGAINST DRAWEE AND ACCEPTOR. Under Comp. Laws 1917, § 4105, in action on trade acceptances against drawee and acceptor, who is primarily liable, presentment for payment is not necessary.

5. CORPORATIONS—CONTENTION THAT COMPLAINT FAILED TO ALLEGE PLAINTIFF'S CAPACITY TO SUE WITHOUT MERIT WHERE DEFENDANT ADMITTED THAT PLAINTIFF WAS A CORPORATION. Contention that complaint failed to allege plaintiff's capacity to sue held without merit, where defendant admitted that plaintiff was a corporation, thus admitting its capacity to sue.

6. APPEAL AND ERROR—FAILURE OF COMPLAINT TO ALLEGE ACCEPTANCE OF TRADE ACCEPTANCES BY DEFENDANT HELD HARMLESS, WHERE PROOF THEREOF MADE WITHOUT OBJECTION OR EXCEPTION BY DEFENDANT. Though complaint in action on trade acceptances did not expressly allege acceptance by defendant, held that, in view of Comp. Laws 1917, § 6622, where plaintiff proved fact of acceptance, and no objection or exception was taken to such proof, failure of complaint to so allege was harmless.

7. BILLS AND NOTES—GENERAL DENIAL OF EXECUTION OF WRITTEN INSTRUMENT OR CORPORATE CAPACITY OF PLAINTIFF HELD INSUFFICIENT. Under Comp. Laws 1917, § 6594, providing that allegations of execution of written instrument, existence of corporation, etc., shall be taken as true unless denial thereof be verified by affidavit, defendant, intending to assail any of such matters, should clearly specify which one he desires to assail, and a mere general denial is insufficient.[1]

Appeal from District Court, Third District, Salt Lake County; *Ephraim Hanson,* Judge.

---

[1] *Brewer* v. *Romney,* 50 Utah, 236, 167 P. 366.

* See Headnote 1.   3 C J. pp. 895, 898.
Headnote 2.   33 C. J. p. 1134.
Headnote 3.   8 C. J. p. 1004.
Headnote 4.   8 C. J. p. 527.
Headnote 5.   14a C. J. p. 839.
Headnote 6.   4 C. J. p. 1170.
Headnote 7.   8 C. J. pp. 928, 943.

Action by the Gray's Harbor Lumber Company against the Burton Lumber Company. Judgment for plaintiff on appeal from city court, and defendant appeals.

MODIFIED, and affirmed, as modified.

*Ball, Musser & Robertson,* of Salt Lake City for appellant.

*Irvine, Skeen & Thurman,* of Salt Lake City, for respondent.

FRICK, J.

This action was commenced in the city court of Salt Lake City. Judgment was there entered in favor of the plaintiff and against the defendant, and the latter appealed to the district court of Salt Lake county.

The complaint in the city court, omitting the prayer, reads as follows:

"Comes now the plaintiff and for cause alleges:

"(1)    That it is a company organized under and pursuant to the laws of the state of Washington.

"(2)    That on or about the 30th day of September, 1922, the defendant made, executed, and delivered to the plaintiff its trade acceptance in words and figures as follows, to wit: 'Trade Acceptance, $439.58. Salt Lake City, Utah, Sept. 30, 1922. 60 days after date pay to the order of Gray's Harbor Lbr. Co. four hundred thirty-nine and 58-100 dollars. The obligation of the acceptor of this bill arises out of the purchase of goods from drawer. The drawee may make this trade acceptance payable at any bank, banker or trust company which he may designate. Gray's Harbor Lumber Co., by C. G. Blagdon, Secretary. To Burton Lumber Company, Salt Lake City, Utah. Accepted Sept. 30, 1922, payable Continental National Bank, Salt Lake City, Utah. Burton Lumber Company, by W. J. Burton, Treas.'

"(3)    That thereafter plaintiff duly presented said trade acceptance for payment through the said Continental National Bank, and the same was returned with protest fees in the amount of $4.77, and that, although demand has been made, the said trade acceptance or no part thereof has been paid."

In the city court a general demurrer was interposed to the complaint, which was overruled.

The defendant's answer, omitting the introduction and the prayer, reads as follows:

"(1)  Admits the allegations contained in paragraph 1 of said complaint.

"(2)  Denies each and every allegation and averment in said complaint not hereinabove specifically admitted."

Both the complaint and the answer were duly verified. No pleadings were filed in the district court, and no ruling of any kind respecting the pleadings filed in the city court was made in the district court.

Upon the issues presented by the complaint and answer, the case proceeded to trial in the district court. The plaintiff produced the original trade acceptaince and offered the same in evidence, together with the indorsements thereon. His counsel then turned to defendant's counsel and asked whether the latter admitted nonpayment. Counsel for defendant said he assumed that the fact that the acceptance was outstanding was evidence of its nonpayment. The plaintiff then rested. The defendant, without any objection or taking any exception, and without producing evidence, also rested.

The court made findings in favor of the plaintiff, and entered judgment accordingly. Defendant filed its motion for a new trial, which was overruled, and this appeal followed.

Notwithstanding the fact that no objection was interposed and no exception taken in the district court, twenty-seven errors are assigned in this court, nearly all of which are relied on for a reversal of the judgment.

In view that the defendant interposed no objection and saved no exceptions in the district court, we can examine only such matters as are deemed excepted to under the statute.

It is insisted that the complaint fails to state a cause of action. We have set forth both the complaint and the answer in full. While the complaint is far from being

a model pleading, yet it is not so lacking in essential   2
averments that it will not support a judgment. In passing upon the sufficiency of a complaint we must keep in mind that the demurrer was not called to the attention of the district court, and that that court made no ruling whatever with respect thereto. True, a demurrer was interposed in the city court, but an answer was subsequently filed in that court. The case, it seems, was considered in the district court entirely upon the complaint and answer. Moreover, the action is based upon a written instrument for the recovery of money only. The instrument was in the possession of the plaintiff and was produced in court. Under all the authorities, therefore, the presumption that the plaintiff was the owner prevailed, and, in the absence of   3
any proof to the contrary, the plaintiff made out a failed to allege ownership or right of possession is without prima facie case when it produced the instrument. The contention, therefore, that the plaintiff must fail because it

It is further contended that the plaintiff must fail because it did not prove presentment for payment. This action is against the drawee and acceptor who is pri-   4
marily liable. In such an action presentment for payment is not necessary. Comp. Laws Utah 1917, § 4105; Brannan's Neg. Inst. Law (3d Ed.) 255, § 70.

It is further contended that the complaint failed to allege plaintiff's capacity to sue. In view of the state of the pleadings, as will hereinafter more fully appear, there is no merit to this contention. Moreover, the record   5
discloses that the defendant admitted that the plaintiff was a corporation and hence admitted its capacity to sue.

It is, however, strenuously insisted that the complaint was fatally defective because it did not allege acceptance by the defendant. It is true that the plaintiff did not in express terms allege acceptance, but it certainly proved the fact of acceptance. No objection was interposed nor any exception taken to the proof. In view of that, this case falls squarely within the provisions of our statute (Comp. Laws Utah 1917, § 6622), which provides:

"The court must in every stage of an action disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

Let it be remembered also that this is an action to recover upon a written instrument for the payment of money only. Judgment was entered against the defendant in two courts. No defense of any kind was interposed, and no explanation was made why judgment should not be so entered. No defense or explanation is now suggested; yet it is vigorously contended that the allegations of the complaint are insufficient to authorize a judgment. We have already pointed out that, while the complaint is lacking in specific averments, it nevertheless is not so lacking in essentials as to authorize this court to reverse the judgment. This is especially true in view that the answer of the defendant fails to state any defense whatever. True, the answer is a general denial, but what does it deny? Can one, by a mere general denial, and without any proof whatever, prevent a recovery upon a written instrument for the payment of money only where such instrument is produced in court by the terms of which appellant's promise to pay and its failure to do so are clearly established? Would it not be a mere travesty of justice to hold that, although the defendant voluntarily obligated itself to pay and plaintiff has proved the promise and the failure to redeem the obligation, it nevertheless must be thrown out of court because of some assumed technical defect in the complaint? In view of the nature of the action and the proceedings, and the utter failure of the defendant to suggest or to present any defense to the written instrument at any time save by merely interposing a general denial, there can be no question respecting plaintiff's right to judgment.

The objections to the complaint practically all belong to that class which are admitted unless specifically denied. This court has already held that under our statute (Comp. Laws Utah 1917, § 6594) the execution of an instrument is not assailable under a general denial. *Brewer* v. *Romney,* 50 Utah, 236, 167 P. 366. That section provides:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

If that section means anything, it means that, unless the defendant specifically denies the matters enumerated in the section they will be "taken as true." The statute is wholesome and of the highest utility. The matters referred to in the statute, while essential in a pleading, are nevertheless more or less formal. Moreover, they occur in almost all actions and are seldom assailed. In view of that, it is but fair and just, and certainly comports with the due and just administration of justice, that, in case a defendant intends to assail any of those formal matters, he should specifically indicate it in his answer. Moreover, he should clearly specify which one of the several matters he desires to assail, so that proper preparation can be made on the part of the plaintiff to establish the matter or matters in dispute. If a mere general denial is held sufficient to authorize an attack upon the authority of the execution of a written instrument, or to assail the corporate capacity of plaintiff, or any of the other matters enumerated in the statute, then no one could tell in advance what the contested issues will be, and the plaintiff in every action must be prepared to sustain all of them, when perhaps none will be assailed at the trial. Indeed, such a practice must necessarily result in insisting upon the denial if the plaintiff is not prepared, but, if he is prepared, to waive it.

While the record in this case in some respects is fragmentary and incomplete, it no doubt is so largely because of the fact that the defendant at no time presented or suggested any defense to the instrument sued on, and thus both the plaintiff and the court were somewhat careless in making a complete record.

The defendant, however, also insists that the evidence is insufficient to sustain the judgment for the $4.77 protest

fees allowed by the district court; moreover, that there is error in the judgment for costs. The plaintiff concedes that, in view that it failed to prove the protest fees, and that a cost bill was not served and filed within the time required by our statute, both of those items should be omitted, and that it voluntarily remits the foregoing items from the judgment.

The judgment is therefore modified by eliminating therefrom the item of $4.77 as protest fees, and further by eliminating the amount allowed as costs, and, as so modified, the judgment is affirmed, with costs on appeal to plaintiff.

GIDEON, C. J., CHERRY, J., and CHRISTENSEN, District Judge, concur.

The term of office of Hon. A. J. WEBER, who was Chief Justice, expired before disposition of this case.

THURMAN, J., being disqualified, did not participate herein.