INTERMOUNTAIN ASS'N OF CREDIT MEN v. MAHL-ERES et al.

No. 4721.   Decided November 14, 1929.   (282 P. 1029.)

*B. W. Dalton* and *H. Ruggeri,* both of Price, for appellants.

*W. G. Harmon,* of Price, for respondent.

CHERRY, C. J.

The plaintiff brought this action, as the assignee of the Eastern Utah Wholesale & Retail Company, to recover $118.47 for goods sold by the latter to the defendants, who were alleged to have been partners at the time doing business under the firm name of Pullman Cafe. One of the defendants only, Harry Mahleres, defended the action. A trial was had to the court, and judgment rendered for the plaintiff, from which the defendant above named appeals.

The complaint alleged in paragraph 1 that the plaintiff and its assignor were both corporations, and that the latter had before the commencement of this action, "for value and in writing made, executed and delivered" to the plaintiff "an assignment of all the assets, both real and personal of said Eastern Utah Wholesale & Retail Company."

In paragraph 2 it was alleged that during all the times mentioned the defendants were residents of Carbon county and copartners doing business under the firm name of Pull-

man Cafe. Other allegations set forth the sale and delivery of the goods sued for by the plaintiff's assignor to the partnership.

The defendant's answer to the first paragraph of the complaint was that "The defendant, Harry Mahleres, has not sufficient information to form a belief as to the matters alleged in paragraph one of said complaint, and therefore denies each and every allegation therein contained." The answer to the second paragraph was that the defendant "admits that he is a resident of Carbon County, Utah." and "denies each and every allegation contained in paragraph two of said complaint, not herein specifically admitted." The concluding paragraph of the answer was a denial "of each and every allegation in said complaint, not herein specifically admitted or denied." The answer was verified by the defendant in the form prescribed by the statute.

At the trial the plaintiff, over defendant's objection, introduced certain evidence to prove that the plaintiff and its assignor were corporations, that the claim in question had been assigned to the plaintiff, and that the defendants sued were copartners at the time the goods were sold and delivered. The court made findings of fact in favor of the plaintiff upon all the subjects.

The assignments of error presented by appellant relate exclusively to the competency and sufficiency of the evidence referred to. While respondent's counsel contends that the evidence offered was competent and sufficient to support the findings, he maintains that no proof of the particular matters referred to was required, because the defendant's answer was insufficient in law to constitute a denial of the same, or to put them in issue, and that therefore they were admitted by the pleadings.

Comp. Laws Utah 1917, § 6594, provides:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correctness of any account duly verified by the affidavit of the party, his agent or at-

torney, shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

In two former decisions of this court the statute quoted was held to mean that, unless there is a specific as well as a verified denial of the matters enumerated therein, they shall be taken as true. *Brewer* v. *Romney*, 50 Utah 236, 167 P. 366; *Gray's Harbor Lbr. Co.* v. *Burton Lbr. Co.*, 65 Utah 333, 236 P. 1102. The corporate existence respectively of the plaintiff and its assignor, the execution of the written assignment, and the existence of the partnership between the two defendants sued, are plainly within the matters enumerated in the statute, concerning which the statute, as interpreted, requires a specific denial. The defendant's answer to the matters alleged was a general denial and not a specific denial. It was therefore not sufficient to put the plaintiff upon proof of the allegations, but the same were entitled to be taken as true.

It follows that the appeal must fail because no material error could occur in the attempted proof of facts admitted by the pleadings.

JUDGMENT AFFIRMED.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.