## ROMANOWSKI et v DZIEDZICKI

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10617. Decided April 28, 1930

J. P. Mooney, Cleveland, for Romanowski.
Bernon, Mulligan, Keeley & LeFever, for Dziedzicki.

**SULLIVAN, J.**

The authorities are uniform that the pleadings alone may determine the question as to whether the case is in chancery or in law.

In the case at bar, suit was commenced for judgment upon the note, and the foreclosure of a mortgage, but at the trial of the case the plaintiff's cause of action was reduced to the foreclosure of a mortgage. The cross-petition to which we must look to determine the question as to whether defendants below were entitled to a jury, in connection with the other pleadings, seeks a judgment in damages, although in the prayer which is no part of the petition, it asks for a reformation of the deed out of which grows the claim for damages. To reform the deed, it would be necessary to allege the representations and the misrepresentations, and then and thereupon the actual facts as alleged in the cross-petition. This is not done, so that the use of the word "reformation" in the prayer is immaterial and cannot be considered for the reason noted. This leaves the cross-petitioners asking for a money judgment in damages by reason of the alleged misrepresentations as to the actual amount of land.

There is no issue made with reference to the plaintiff's cause of action, which is the foreclosure of the mortgage. Consequently, the only issue is whether the cross-petitioners are entitled to damages as claimed in the cross-petition.

Even if it were admitted, for the sake of argument, that the issue as to the reformation of the contract was raised by the cross-petition, yet, in the state of the pleadings the question of damages would be the primary issue because recovery could be had for damages under the pleadings, in our judgment, without respect to the question of reformation, and upon that question it is not amiss to note that it is very doubtful, under the description appearing in the record, as to the property conveyed, as to whether the excess amount of land is imaginary, by reason of the exception to the area appearing in the description, but upon this point we do not declare as it is immaterial to the primary point involved herein.

Thus it is our conclusion that under the pleadings to which we are confined in the

ascertainment of this question, that there was a jury issue; that it was the primary issue if not the solitary issue, and therefore it was error, in our judgment, to refuse the application of the cross-petitioners to have the cause tried to a jury.

Our position is corroborated by **11379 GC.** We see further corroboration in the following authorities:

**Sallady vs Webb, 2nd CC. 553.**

There are many other authorities of similar nature and it is unnecessary to quote them, especially as the principle is elementary and is governed largely by the code itself.

We have carefully read the brief filed by learned counsel for defendant in error and noted the authorities, but we do not think that they are controlling in the case at bar as against the holdings in **Gunsolis vs Pettit, 46 OS. 27; Lange vs Lange 69 OS. 346; Improvement Co. vs Malone, 78 OS. 232; Chapman vs Lee, 45 OS. 356; Taylor vs Brown, 92 OS. 287.**

As a final statement, however, we think that a real test of the question under discussion is, that had the mortgage, which was sought to be foreclosed, been paid, then it must be conceded that there was nothing left excepting a suit for money in line with the prayer of the cross-petition. That the cross-petitioners sought to file a cross-petition for damages instead of paying off the mortgage does not alter the merit of the test.

Holding these views the judgment of the lower court is hereby reversed for the reasons herein named and the appeal case known as No. 10585 is hereby dismissed on the ground that it is not appealable, and as to the latter case a decree is made accordingly. The error case is remanded for further proceedings according to law.

Vickery, PJ. and Levine, J., concur.