## McCRARY et al. v. STEPHENS, Trustee.

No. 28119.   Oct. 4, 1938.

Rehearing Denied Oct. 3, 1939.

Stuart, Bell & Ledbetter, for plaintiffs in error.

Fred L. Hoyt and Frederick J. Hoyt, for defendant in error.

GIBSON, J. This is an action on promissory notes and to foreclose real estate mortgage.

Near the end of the trial the court, over defendants' objections, discharged the jury from further consideration of the case for the asserted reason that no issue of fact existed properly to be submitted to the jury. Thereafter judgment was rendered for plaintiff below, and defendants have appealed.

In their answer defendants charged usury, and in addition thereto alleged that the original owners of the notes and mortgage were unlicensed foreign corporations (secs. 9738, 130, 131, O. S. 1931, 18 Okla. Stat. Ann. secs. 451-453) ; that the loan evidenced by said instruments constituted doing business in Oklahoma on the part of said cor-

porations; that the plaintiff trustee and the parties he now represents were aware of these circumstances when they became owners of said notes and mortgage, and that by reason thereof the aforesaid obligations were voidable at the option of defendants as against said corporations and their assignees (sec. 132, O. S. 1931, 18 Okla. Stat. Ann. sec. 454), and that suit thereon could not be maintained in the state courts (sec. 135, O. S. 1931, 18 Okla. Stat. Ann. sec. 457).

Defendants say the action is one for the recovery of money and therefore triable to a jury as a matter of statutory right. Section 350, O. S. 1931, 12 Okla. Stat. Ann. sec. 556. It is asserted in this behalf that ample evidence for the jury's consideration was produced on the issues of usury and of doing business in Oklahoma. For this reason, defendants say, the court erred in taking the case from the jury.

Conceding the action to be one for the recovery of money, the amount due was not disputed. Foreclosure is of equitable cognizance, and where the amount due is not in issue the right to jury trial does not exist. Sullins v. Domer, 176 Okla. 45, 54 P.2d 391. There the rule is stated as follows:

"In an action to recover judgment on promissory note, and to foreclose mortgage made to secure payment thereof, where answer fails to join issue as to the indebtedness due, the case is not one properly triable by a jury within the meaning of section 350, O. S. 1931."

Neither the plea of usury nor the defense asserted under the provisions of section 132, supra, that the corporations were not licensed to do business here, constitutes a denial of the indebtedness or any portion thereof. These are statutory defenses, optional with the debtor, enacted more as legislative pronouncements of the public policy rather than as legal methods by which the individual may extinguish his debt by a process other than by payment. In the instant case these matters were issues triable to the court as in equity, since there was no issue raised as to the amount of money due on the indebtedness. The sufficiency of the evidence is not questioned in the briefs and is therefore not here for consideration. We must conclude that the judgment appealed from is supported by the weight of the evidence on those issues.

The judgment is affirmed.

OSBORN, C. J., and RILEY, PHELPS, and DAVISON, JJ., concur.

On Rehearing.

WELCH, V. C. J. (dissenting). I think the majority opinion overlooks the applicable statutory provisions. Section 350, O. S. 1931, 12 Okla. St. Ann. § 556, provides in material part as follows:

"Issues of fact arising in actions for recovery of money * * * shall be tried by a jury unless a jury trial is waived."

The test to be applied to this case is twofold: One, is it an action for the recovery of money? Two, are there issues of fact arising therein? The majority opinion clearly discloses and states that the action is one for the recovery of money; the only remaining question is whether issues of fact arose therein. The majority opinion erroneously turns the question upon the kind or character of the issues of fact which have arisen. The statute does not discriminate between different kinds or characters of issues of fact, but, in effect, provides that in such an action, if there arises any material issue of fact, then any such issues shall be tried by a jury unless waived. The inquiry should not be "What is the character or nature of the issue of fact?" as in the majority opinion, but should be "Are there material issues of fact?"

I think our decisions are likely to promote confusion when we so overlook or fail to apply such fixed statutory rules. I therefore dissent.