## PETTY et ux. v. CLARK et al.

No. 6438.   Decided October 6, 1942.   (129 P. 2d 568.)

See C. J. S., Actions, sec. 94; 1 Am. Jur., 439, 447.

*George S. Ballif* and *I. E. Brockbank,* both of Provo, for appellants.

*A. Ladru Jensen* and *LeGrande Belnap,* both of Salt Lake City, for respondents.

WADE, District Judge.

On January 18, 1929, the plaintiffs, Charles B. Petty and Maggie C. Petty, his wife, entered into a written contract with the defendant, Dean A. Clark, to sell Clark certain real estate known as the "drugstore" property at Hurricane, Utah. The purchase price was $4,800, payable in monthly installments of $50 each, without interest, for a period of eight years. This contract—together with Clark's promissory note to plaintiffs for the purchase price and plaintiffs' warranty deed conveying the property to Clark—was deposited in escrow with the State Bank of Hurricane. The

Bank was orally instructed to surrender the papers to Clark when he completed the payments.

On November 12, 1932, Clark was behind on his payments, whereupon the parties to the contract made a written modification of the contract whereby the monthly payments were reduced from $50 (as provided in the contract) to $25 per month, effective February 1, 1932 and to continue for a period of two years. On June 28, 1938—five months after all payments were due under the modified provisions of the contract—Clark completed the payment of $4,800, without interest, and the Bank surrendered to him the contract, note and deed. He immediately recorded the deed.

The contract, as originally drawn, contained the following provision:

"It is agreed that no interest shall be charged until after maturity of the respective installments, and the second party shall be given forty days grace on any payment, and the past due payments shall bear interest at the rate of one per cent per month until paid."

When plaintiffs learned of the surrender of these papers to Clark, they claimed that under the above provision interest had accumulated on all installments which were not paid at maturity, and therefore there was a balance owing them under the contract. They demanded that Clark either pay such balance or return the papers to the Bank. This Clark refused to do. He claimed that prior to the delivery of the contract, Mr. Petty and he had orally agreed that there should be no interest and when he discovered the provision for interest after maturity, he refused to enter into the contract with the interest provision in it. Whereupon it was agreed that this provision should be stricken from the contract, and Mr. Petty drew x's through that paragraph; that later the papers were delivered to the Bank with this interest paragraph x-ed out. Clark contends, therefore, that, by reason of these circumstances, he owes no balance on the contract.

Plaintiff brought this action to recover the balance owing on the contract. He asked that the same be declared a lien

on the property which he sold, and that this lien be fore-closed. At the trial, the only issue of fact was whether the interest clause was a part of the contract at the time of its delivery. This issue was submitted to a jury by special in-terrogatories. The jury found—by a vote of six to two—that this paragraph was not a part of the contract. The court, however, was of the opinion that this is an equity case; that the decision of the jury was not binding, but only advisory and that the paragraph in question was a part of the con-tract at the time of delivery. The court made findings to that effect and entered judgment against the defendant for $260, with interest thereon at one per cent per month from January 1, 1938, $200 attorney's fees, and costs. The court also declared this judgment to be a lien on the property in question and ordered the lien foreclosed in case judgment was not satisfied. From this judgment defendant appealed, claiming that the trial court is bound by the findings of the jury. There is ample evidence to sustain the findings of the trial court and, unless the jury's decision is binding, the judgment must be sustained.

The Revised Statutes of Utah 1933, provide:

"104-23-5. Issues of Fact, How Tried.

"In actions for * * * money claimed as due upon contract * * * an issue of fact may be tried by a jury, unless a jury trial is waived or a reference is ordered as provided in this code. * * * In other cases issues of fact must be tried by the court, subject to its power to order any such issue to be tried by a jury or referred to a referee as provided in this code."

This case comes squarely under the provisions of this sec-tion of the statutes. It is an action for money claimed as due upon contract, and the defendant did not waive his right to trial by jury. There was sufficient evi-dence to justify the jury's findings; the findings of the jury are, therefore governing in the case.

In the case of Norback v. *Board of Directors of Church Exten. Soc.,* 84 Utah 506; 37 P. 2d 339, a case where the

right of a party to a trial by jury was raised, this court quoted from the above section of the statute, stated that the law was adopted from the Calif. Code of Civil Procedure, § 592, and held that thereunder the plaintiff was entitled to a jury trial. *Newman* v. *Duane,* 89 Cal. 597, 27 P. 66; *Reiner* v. *Schroeder,* 146 Cal. 411, 80 P. 517.

The instant case was argued exclusively on the question of whether a law action is here involved, or one in equity. The same conclusion must be reached even if the case be considered only from that standpoint. At common law, law and equity were administered by different courts. In courts of law, the parties were entitled to a jury to determine issues of fact, but in courts which administered equity, there was no jury. Often the courts of equity required parties to litigate certain issues in the law courts before equity would intervene, and in many instances it required two suits to determine what is now determined in only one suit.

Under the common-law system, two suits would have been required to determine this action: (1) a suit in the law court to determine the amount owing under the contract; (2) if the judgment for that amount were not paid, the plaintiff would be required to go into a court of equity to foreclose the defendant's equity of redemption.

Under the Utah Constitution and Statutes, there is but one form of civil action—the same court administers both law and equity, often in the same action. Constitution of Utah, Article VIII, § 19; Revised Statutes of Utah, 1933, 104-1-2. In order to prevent more than one action in the foreclosure of mortgages, the legislature in 104-55-1 expressly provides:

"There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage * * *."

The legislature thus contemplated the joining of an action at law and a suit in equity in the same action.

In *Norback* v. *Board of Directors of Church Exten. Soc.,* supra, 84 Utah page 514, 37 P. 2d page 339, this court held:

"Where the issues are legal issues, the fact that equitable relief may be prayed for, to carry into effect the judgments based upon the legal issues, 'is not sufficient to deprive either party of his rights to have the legal issues submitted to a jury.' *State ex rel. Hansen* v. *Hart,* 26 Utah 229, 72 P. 938, 939."

In the present case the only disputed issue of fact in the case, and the one which was submitted to the jury, is whether the interest paragraph was a part of the contract when it was delivered. That issue was a part of plaintiff's main action to recover money owing under the contract, which action is clearly an action at law. The mere fact that plaintiff demanded equitable relief, to wit: the foreclosure of his lien—would not deprive the defendant of his right to have the issue of fact determined by a jury.

We have carefully considered the other objections raised by each of the parties hereto and are satisfied that the trial court committed no error in these matters.

The case is therefore remanded to the district court, with instructions that a new trial be granted. Costs to appellants.

MOFFAT, C. J. and LARSON, J., concur.

WOLFE, Justice (concurring).

I concur but I think in respect to the question of the right of a jury trial in cases involving equitable and legal issues this decision overrules a line of cases in this jurisdiction of long standing without so much as mentioning them. Unless some consideration is given to those cases in connection with this case, the result will be confusing.

I first consider the cross assignments of the respondent because a cross assignment in effect says:

"Even though appellant prevails in any assignment which would warrant reversal, the court committed such error, which if not committed would, notwithstanding all of the alleged errors committed against appellant, still require that the judgment be affirmed."

The cross assignment of error in this case is a good illustration of that claim. The respondent says no evidence of the contract as claimed to have been modified should have been admitted because the defendant failed to deny specifically the plaintiff's declaration of the execution of the real estate contract or its existence as alleged by the plaintiff as required by 104-12-2, R. S. U. 1933; that, therefore, such contract as declared by the plaintiff is admitted and, being admitted, no evidence showing modification is admissible; that the contract as set out by the complaint, therefore, controls and on such contract, regardless of any errors assigned by the defendant, plaintiff is entitled to recover.

Section 104-12-2 refers not to a specific denial but to a verified denial. Nevertheless our cases have held that the denial must be specific as well as verified. *Brewer* v. *Romney,* 50 Utah 236, 167 P. 366; *Intermountain Ass'n of Credit Men* v. *Mahleres,* 75 Utah 50, 282 P. 1029; *Gray's Harbor Lumber Co.* v. *Burton Lumber Co.,* 65 Utah 333, 236 P. 1102; *Anderson* v. *Union Pacific R. Co.,* 76 Utah 324, 289 P. 146, *Albergo* v. *Gigliotti,* 96 Utah 170, 85 P. 2d 107, 129 A. L. R. 967.

Here, however, the defendant has specifically denied that the copy of the agreement set out by the complaint was a copy of the contract which the parties executed. This denial specifically, unlike the Brewer case, put in issue the alleged execution of the specific agreement set out in the complaint. Words and Phrases, Perm. Ed., vol. 39, p. 752, defines a specific denial as a

"separate denial applicable only to the particular allegation which such denial controverts. *San Francisco Gas Co.* v. *City of San Francisco,* 9 Cal. 453, 470."

In *Sewell Co.* v. *Commercial Casualty Ins. Co.*, 80 Utah 378, 15 P. 2d 327, this court held that when the plaintiff alleges the performance of conditions precedent generally the defendant in order to raise an issue thereon must specifically controvert the performance of the conditions precedent or he is held to have waived them. Such a denial cannot deny each and every allegation in a given paragraph, but must specifically point out which conditions the defendant claims the plaintiff has breached. A specific denial is a denial which specifically points out and denies a particular allegation.

In *Seward* v. *Miller*, 6 How. Prac. N. Y., 312, the court held that an answer denying in terms specifically every material allegation of the complaint, but without particularizing the allegations, is not specific denial, but is in effect a mere general denial, and hence insufficient under the Code requiring a specific denial.

A general denial, without attempting to point out particular allegations, denies every material allegation in the complaint which it will be necessary for the plaintiff to prove in order to recover. *Clark County Agr. Credit Corp.* v. *Hüm*, 177 Wash. 251, 31 P. 2d 905.

In the instant case the defendant has particularly pointed out an allegation in the complaint and denied it. The answer admits the execution of a contract for the sale of real estate but denies that the contract set out by the complaint is a copy of the contract which was executed. Thus while the law in this state requires a specific denial of those matters embraced in 104-12-2, R. S. U. 1933, such requirement was by defendant in this case complied with. Respondent's cross assignment must be overruled as not well taken. The denial by the defendant being a specific denial was sufficient to raise the issue of whether or not the contract set out by the complaint was a correct copy. In offering proof on this issue, evidence that certain provisions of this contract had been x-ed out was properly admissible.

■

The remaining question is: Were the defendants entitled to a jury trial on the issue of whether the contract as alleged by the plaintiff was the contract executed by both parties?

The defendants contend that 104-23-5, R. S. U. 1933, expressly gives them a right to a trial by jury on this issue. 104-23-5 so far as material here provides:

"In actions for the recovery of specific real or personal property, with or without damages, or for money claimed as due upon contract or as damages for breach of contract, or for injuries, an issue of fact may be tried by a jury, unless a jury trial is waived or a reference is ordered as provided in this code. * * *"

The plaintiff contends that this is an action to foreclose a grantor's lien, that historically this was an equitable action, and that the court may try all the issues raised without a jury even though some of them are legal issues.

In the case of *Norback* v. *Board of Directors of Church Exten. Soc.*, 84 Utah 506, 37 P. 2d 339, 345, this court laid down the rule: that

"If the issues are legal or the major issue legal, either party is entitled upon proper demand to a jury trial; but, if the issues are equitable or the major issues to be resolved by an application of equity, the legal issues being merey subsidiary, the action should be regarded as equitable and the rules of equity apply. *Coulson* v. *La Plant*, Mo. Sup., 196 S. W. 1144; *Southern Pac. Land Co.* v. *Dickerson*, 188 Cal. 113, 204 P. 576; *Park* v. *Wilkinson*, 21 Utah 279, 60 P. 945."

This court affirmed this rule in *Wasatch Oil Refining Co.* v. *Wade*, 92 Utah 50, 63 P. 2d 1070. This rule has also been expressed by the courts in many jurisdictions. The Supreme Court of Connecticut in *National Bank of Commerce of New London* v. *Howland,* 128 Conn. 307, 22 A. 2d 773, 774, said:

"Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers. * * * Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action of law, either party has a right to have the legal issue tried to the jury, even though equitable relief is asked in order to give full effect to the legal rights claimed." See,

also, *Berry* v. *Hartford Nat. Bank & Trust Co.*, 125 Conn. 615, 7 A. 2d 847; *La France* v. *La France*, 127 Conn. 149, 14 A. 2d 739; *Smith* v. *Stock Yards Loan Co.*, 186 Okl. 152, 96 P. 2d 55; *Schaefer* v. *United Bank & Trust Co.*, 104 Cal. App. 635, 286 P. 723; *Bellavance* v. *Plastic Craft Novelty Co.*, D. C. Mass., 30 F. Supp. 37.

I think the real test of whether the basis of an action is legal or equitable lies largely in whether the court has discretion to grant or withhold the so-called equitable remedy. In certain actions such as the foreclosure of mortgages, which were historically and traditionally equitable, the court where the indebtedness was proved or the lien was definite, could not refuse to issue a decree of foreclosure. To do so would ordinarily be arbitrary. The plaintiff would be entitled to that remedy as fully as he would be entitled to judgment on his note. In early English law the mortgagee had title to the property. The mortgagor had to go into equity to enforce reconveyance if tender of the indebtedness were made and reconveyance refused. Likewise, the mortgagee went into equity to cut the equity of redemption if the indebtedness were not paid, so as to get the right to deal with the property. There may have been discretion in the chancellor whether to grant or refuse equitable interposition. Today the right to a decree of foreclosure is as inexorable as a money judgment. The basic judgment on the note is the vital thing from which the other, of right, follows. In an action for an injunction or for specific performance and the like the case is different. There the whole appeal is directed toward convincing and moving the chancellor to exercise his equitable powers which, if reasonable minds may differ as to its advisability, he may withhold. In such case the allegations in the petition are as to facts which show a case for equitable interposition, not for a right to a money judgment with consequent right to have resort to property for satisfaction of that judgment—ordinarily known as a lien. It is in this distinction where I think lies the difference between equitable issues being paramount or subsidiary. It does not seem to me this was sensed in the Utah cases.

In *Escamilla* v. *Pingree,* 44 Utah 421, 141 P. 103, 104, L. R. A. 1915B, 475, this court held that an action on a note and to foreclose a mortgage given as security was purely equitable. Its character as such was not affected by the fact that a jury was called to pass on the facts. Nor did the fact that an advisory jury was called affect the province of this court on appeal. This court so held even though we declared the main issue to be decided was:

"Which one, the respondent or appellant, was the owner of the note and mortgage sued on?"

In *Jenkins* v. *Nicolas,* 63 Utah 329, 226 P. 177, this court said:

"In action on note against maker and bank as indorser, and to foreclose chattel mortgages, contention that finding as to ownership by plaintiff of notes sued on and notes involved in counterclaim by indorser, was upon legal issues, so that Supreme Court could not examine evidence to determine its weight, held without merit, especially where plaintiff's ownership of note and mortgages was put in issue by pleadings."

The case cited *Escamillar* v. *Pingree,* supra, in support of its position.

In *Consolidated Wagon & Mach. Co.* v. *Kay,* 81 Utah 595, 21 P. 2d 836, 840, the plaintiff brought an action on a contract to foreclose a chattel mortgage. The defendants admitted all allegations of the complaint except the default and the amount of the indebtedness. This court said:

"Under statutes such as we have and as generally obtain in other jurisdictions, a necessary part or basis of a mortgage is a debt or other obligation to secure the payment or performance of which the mortgage is given. When the debt or obligation is denied, *proof thereof is essential to the right of foreclosure,* and, if the debt or other obligation falls, the mortgage falls. * * * That balance so remaining due and unpaid was denied. It also is denied that the mortgage was given for a good consideration, and it was alleged that it was given without consideration. All that related to the right of foreclosure itself. Though the pleaded affirmative defenses in character were legal, yet they no more prevented or relieved the court from de-

termining the whole issue than if the defendant had pleaded payment or non est factum. Because as to the pleaded defenses the burden of proof was cast on the defendants, again no more relieved the court from the duty and responsibility of determining the whole issue than if a plea of payment or of confession and avoidance had been interposed. We therefore are of the opinion that no error was committed in the court's ruling dismissing the jury and in determining the whole issue presented by the pleadings." (Italics added.)

It seems that the very observation that the establishment of the indebtedness is essential to foreclosure negatives the court's conclusion. Certainly the court must determine whether there was or was not a mortgage and whether there was consideration for the mortgage which is another way of stating the legal issue of whether there was consideration for the note which supported the mortgage. But because the decree of foreclosure was the *final act,* to hold that all other facts were subordinate, fails to take into consideration the fact that foreclosure is simply a method of obtaining recourse to the property which it has been agreed shall be devoted to a payment of the debt. It is a remedy—a method of obtaining payment—which the parties have agreed to. The court supplies the judicial basis for a sale. The indebtedness is the basic essential and paramount part of the controversy.

The later case, *Norback* v. *Board of Directors of Church Exten. Soc.,* supra, comes nearer to a recognition of the principle which I now contend for. The court, in that opinion, states that where the major issue involved was essentially equitable or exclusively equitable, the court could try any incidental legal issues involved without a jury. The Norback case holds that an action by the plaintiff to establish a claimed easement, for an order enjoining defendant from asserting a claim as against the plaintiff thereto and for damages was essentially legal and that the defendant was entitled to a jury trial. By this very test I think the defendants in an action on a promissory note or on a contract secured by a mortgage can have the legal issues tried by a jury.

Cases in other jurisdictions hold that an action on a promissory note and to foreclose a mortgage does contain legal issues which must be tried by a jury if the demand for a jury is timely. In *Northwestern Nat. Bank of Minneapolis* v. *Howlett,* 63 N. D. 163, 247 N. W. 57, the court held that in a foreclosure action, the issue of the ownership of the mortgaged personalty as between the mortgagor and others was properly triable to a jury.

The court in *McCrary* v. *Stephens,* 185 Okl. 501, 94 P. 2d 532, held that in an action to recover a judgment on a promissory note and to foreclose a mortgage given to secure the note, the court could try the case without a jury for the issues raised by the defendants' answer did not raise a question of the indebtedness. But the court implied that under the provisions of Section 532, Code of Civil Proc. 12 O. S. 1941 § 556, which provided:

"issues of fact arising in actions for the recovery of money  *  *  * shall be tried by a jury, unless a jury trial is waived"

the defendants could demand a jury trial as a matter of right if the issue of indebtedness were raised. In *Jones* v: *Benson,* 158 Okl. 25, 12 P. 2d 202, the court held that a jury trial could be demanded to try the issue of indebtedness in a mortgage foreclosure suit. The case was based on the Oklahoma statute quoted in part above. The Oklahoma court has given a like construction to this statute in several other cases. *Holmes* v. *Halstid,* 76 Okl. 31, 183 P. 969; *Prudential Ins. Co.* v. *Ward,* 135 Okl. 117, 274 P. 648; *Collins* v. *Industrial Sav. Soc.,* 78 Okl. 319, 190 P. 670.

Section 60-2903, General Statutes Kansas, 1935, is the same in substance as the Utah Statute, 104-23-5, R. S. U. 1933. The Kansas Supreme Court has construed this statute to give the parties a right to a jury trial on the issue of indebtedness in a mortgage foreclosure suit. In *Clemenson* v. *Chandler,* 4 Kan. 558, the court held that in an action for a judgment on a note, and the foreclosure of a mortgage securing it, and an adjustment of the priority of

liens, the defendant was entitled to a jury trial as of right on the legal issues. In *Cavenaugh* v. *Fuller,* 9 Kan. 233, the court held:

"Where in a suit on a note and mortgage a personal judgment against the defendant is sought, and the answer sets up payment of the note, and the reply traverses the allegation of payment, the defendant, in an issue made up, entitled to a jury, and to refuse a demand therefor is error."

See, also, *Fidelity Nat. Bank & Trust Co.* v. *Cloninger,* 142 Kan. 558, 51 P. 2d 35, where the court indicates that in a foreclosure action a jury trial could be demanded if the verified answer denied execution of the note for which the mortgage was given.

Ohio also has a statute (Gen. Code, § 11379) similar to the Utah statute quoted above. In *Romanowski* v. *Dziedzicki,* 35 Ohio App. 384, 172 N. E. 446, the court held that in a foreclosure suit, a cross-petition seeking damages for misrepresentations as to the amount of land presented a jury issue even though it also raised an issue of reformation.

The Utah Statute was copied from California Code of Civil Proc. § 592. I have been unable to find a case directly in point decided by the California courts. However, the early cases in California were seemingly in conflict in the application of the principles herein involved. In *Farrell* v. *City of Ontario,* 39 Cal. App. 351, 178 P. 740, the court pointed out two lines of cases which apparently ignored each other. One line was represented by *Hughes* v. *Dunlap,* 91 Cal. 385, 27 P. 642. This case is cited with approval in the Utah case of *Norback* v. *Board of Directors of Church Exten. Soc.,* supra. It holds that in an action for damages for trespass and for an injunction to restrain future repetitions thereof, the parties were entitled to a jury trial on the issue of damages. This case was based upon an interpretation of the section in question, section 592, Code of Civil Proc. The other line of cases is illustrated by *McLaughlin* v. *Del Re,* 64 Cal. 472, 2 P. 244, which held that in an action for injunction, and for damages, the issue of damages was incidental

and a jury trial could not be demanded by the parties as of right. The court in *Farrell* v. *City of Ontario,* supra, concluded that the Hughes v. Dunlap case was correct and followed it. This decision was followed shortly thereafter by the case of *Franklin* v. *Southern Pac. Co.,* 40 Cal. App. 31, 180 P. 76, and was recently affirmed in *Pacific Western Oil Co.* v. *Bern Oil Co.,* 13 Cal. 2d 60, 87 P. 2d 1045. The rule, therefore, is now well settled in California that section 592 of the Civil Code gives the parties a right to a jury trial of the issue of damages in an injunction suit. It is supposed that if in California the question arose as to whether a jury trial could be demanded to determine the issue of indebtedness in a mortgage foreclosure suit, it would be determined in the affirmative. I am inclined to the view that where an injunction is asked for, whether in a labor dispute, or to prevent repeated trespasses, or the taking of water, or backing water on another's land or like matters, the matter of damages is subservient, but certainly in California where a jury was permitted to pass on the question of damages in an injunction suit, by all the claims of logic it would seem that a jury could be demanded to try the issue of indebtedness in a mortgage foreclosure suit.

The cases in Utah are definite. They explicitly hold that in a foreclosure suit on a note and a mortgage the issue of indebtedness is not triable by a jury as a matter of right. *Consolidated Wagon & Mach. Co.* v. *Kay,* supra. The statute, 104-23-5, R. S. U. 1933, was never discussed by this case nor by the cases cited in support of it. I think the Norback case, supra, inclines the other way.

If a jury trial can be demanded in the case of a mortgage foreclosure it certainly can be demanded in an action to foreclose a vendor's lien.

I, therefore, think that *Escamilla* v. *Pingree,* supra; *Jenkins* v. *Nicolas,* supra; and *Consolidated Wagon & Mach. Co.* v. *Kay,* supra, should be overruled. I think the opinion of the court in this case does so and I therefore concur.

McDONOUGH, Justice (concurring).

I concur. I also concur in what is said in the opinion of Mr. Justice WOLFE relative to appellant's cross-assignment of error.

PRATT, J., on leave of absence.